IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:21-00109-02

ERICA ANTOINETTE KIRKER

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Erica Antoinette Kirker's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release. ECF No. 882. For the following reasons, the Court **DENIES** the motion.

On June 21, 2022, Defendant was sentenced to ninety months of incarceration and five years of supervised release following her guilty plea to Possession with Intent to Distribute 50 Grams or More of Methamphetamine and 40 Grams or more of Fentanyl. The Federal Bureau of Prisons' website states Defendant is scheduled to be released on December 19, 2027.

While in custody, Defendant gave birth to a daughter. According to the Presentence Report, the father of Defendant's daughter is one of her co-defendants, Scott Midkiff. Mr. Midkiff currently is incarcerated with a projected release date of April 26, 2036. After the birth, Defendant gave temporary custody of her to daughter to a friend. In her motion, Plaintiff claims her friend has become very ill since that time and needs a kidney transplant. Plaintiff also asserts she has "completed almost 15 classes in the past year . . . [and has] a steady job at Unicor[.]" *Ltr. from Def.*, ECF No. 882-4. Given these circumstances, Plaintiff seeks release to care for her daughter and her friend.

Before filing this action, Plaintiff filed a request for a sentence reduction with the Warden, but that request was denied. In the denial, the Warden acknowledge the difficulty of the situation, but found Plaintiff's request did not meet the applicable standard "when death or incapacitation renders the child's caregiver unable to provide care and there are no other family members available to provide care to your children." *Resp. to Inmate Request to Staff* (Apr. 7, 2025), ECF No. 882-5. Having exhausted her administrative remedies, Plaintiff then filed this action.

Typically, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, 18 U.S.C. § 3852(c)(1)(A)(i) creates an exception whereby a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the Fourth Circuit stated in *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023), when a court considers whether a defendant is eligible for a sentence reduction, it must first determine "(1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statements of the Sentencing Commission are found in U.S.S.G. §1B1.13(b)(3) and §1B1.13(d). Section 1B1.13(b)(3) provides:

> Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> \*          \*          \*
>
> **(3) Family Circumstances of the Defendant**.—
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child   . . .

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. §1B1.13(b)(3), in part. Section 1B1.13(d) also provides:

> Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. §1B1.13(d).

If a defendant satisfies this first step, the Court then proceeds to consider whether a sentence modification is appropriate under the factors outlined in 18 U.S.C. § 3553(a). *See United States v. Osman*, No. 23-6544, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024); *Malone,* 57 F.4th at 174. In making its decision, the Court must conduct an individualized assessment of a defendant's sentence and circumstances. *See United States v. Moody*, 115 F.4th 304, 312 (4th Cir. 2024). It also must "set forth enough" explanation to show it "considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (italics, internal quotation marks, and citations omitted).

Upon considering Defendant's arguments in this case, the Court finds she has not sufficiently shown an extraordinary and compelling reason for a sentence reduction under the first step. In support of her claim that her friend is ill and needs a kidney transplant, Defendant submitted a "Care Transitions Report" from Fresenius Medical Care detailing the caretaker's dialysis treatment. However, there are no letters or reports from any doctors discussing the gravity or significance of this report or anything indicating the caretaker's treatment or condition has left her incapacitated and unable to be a caregiver. *See United States v. Rosario-Cruzado,* No. 24-6365, 2025 WL 1540932, at *2 (4th Cir. May 30, 2025) ("The Sentencing Guidelines do not define 'incapacitation,' but courts have generally understood the term to require severe impairment of an individual's ability to perform the essential requirements of caring for a minor child.").[1] Additionally, while the Court commends Defendant for taking advantage of classes and working to create new opportunities for herself once she is released from prison, the Court finds these accomplishments are insufficient, without more, to satisfy the extraordinary and compelling standard. *See* U.S.S.G. § 1B1.13(d).

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release. ECF No. 882. Additionally, as some of the documents attached to Defendant's motion have the full name and date of birth of her minor child and the name, date of birth, and private medical records of the caregiver, the Court **DIRECTS** the Clerk to **SEAL** the "Release of an Infant to Temporary Custody of a Third Party," the "Consent for Medical Treatment" for Defendant's daughter, and the "Fresenius Medical Care" records of the caregiver. ECF No. 882-6, at 1-15.

---

[1] The Court also recognizes that "[c]ourts will generally decline to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver." *United States v. Hodges*, Civ. Act. No. 5:22-CR-00033-1, 2024 WL 5250528, at *3 (S.D. W. Va. Dec. 30, 2024) (internal quotation marks and citation omitted)).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: July 17, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE